[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Pursuant to an Order entered on February 12, 1992, the Superior Court, the Honorable Robert D. Krause presiding, approved the application of Maurice C. Paradis, than Director of the Department of Business Regulation, as Receiver of Heritage Loan and Investment Company ("Receiver") to have the Court appoint a master with respect to claims relating to "off-line" deposit accounts at Heritage Loan and Investment Company ("Heritage"). See the Order dated February 12, 1992. As a result of said Order, William J. McAtee, Administrator/Master of the Superior Court was appointed as Master in the above-captioned receivership.
The Order provided that the Master:
 "is appointed . . . for the purpose of hearing and determining the claims filed with the receiver relating to `off-line' deposit accounts, which claims shall be deemed to include claims to funds evidenced by handwritten or typewritten savings passbooks, claims to funds alleged to have been withdrawn without the depositor's authority to do so, claims to funds evidenced by safekeeping receipts, and claims to any funds which are not verifiable on the computer records maintained by Heritage Loan and Investment Company;"
 "That Master McAtee shall have all of the powers of a Justice of the Superior Court with respect to the hearings and determination of `off-line' deposit account claims, including, without limitation, those powers enumerated in Rhode Island General Laws § 8-2-11.1 (1985 Reenactment)."
R.I.G.L. 8-2-11.1 provides, in pertinent part, that:
 "Such administrator/master may be authorized: (1) To regulate all proceedings before him; (2) To do all acts and take all measures necessary or proper for the efficient performance of his duties; (3) To require the production before him of books, papers, vouchers, documents and writings; (4) To rule on the admissibility of evidence; (5) To issue subpoenas for the appearance of witnesses, to put witnesses on oath, to examine them and to call parties to the proceeding and examine them upon oath;"
In accordance with the above, a hearing was held on the above referenced claim on November 22, and the deposition of Arthur Coia was taken on November 24, 1994. At the conclusion of the hearing, the parties submitted Post-Hearing Memoranda.
The Claimant, North American Laborers Defense League, established a savings account at Heritage in 1988 with an initial deposit of Two Hundred and Eighty Thousand ($280,000) Dollars wired to Heritage from Shawmut Bank in August of 1988. The money was placed in Savings Account Number 02-006693 and in July of 1990 an additional One Hundred and Forty Thousand ($140,000) Dollars was added also by wire transfer from Shawmut Bank.
After the closure of Heritage in 1990, payment was refused on the account because the records of Heritage reflected a series of transactions by Arthur Coia that culminated in a stock purchase of 900 shares of Heritage stock for Four Hundred and Fifty Thousand ($450,000) Dollars. However, expert witnesses retained by the Receiver have concluded, and the Receiver has stipulated to the fact, that the signature on the Savings Withdrawal form dated October 4, 1990 is not that of Arthur Coia. Furthermore, Coia has testified in his deposition that he had no involvement in the claimed account, did not authorize any transactions regarding the account and that he did not authorize anyone at Heritage to execute any documents on his behalf.
The claimed account was established as a non-interest bearing account despite the fact that Four Hundred and Twenty Thousand ($420,000) Dollars was the balance by July 1990. The Claimant insists that this lack of interest was the result of a legal opinion dated April 1, 1987. However, the letter referred to expressly denies that a legal opinion is being offered but rather describes its contents as being a review of the legal implications of maintaining a non-interest bearing account. Regardless of the description of the letter, its relevancy to the issue before the Court is questionable.
Despite the best efforts of the Receiver, little evidence has been introduced contrary to the case put forward by the Claimant. Receiver points to the fact that the Claimed Account was non-interest bearing, was described as a "holding account" not a deposit account in the minutes of Claimant's meeting and that no signature cards were provided to Heritage. However, the Court remains convinced that the Claimed Account, although unusual in that an account such as this was non-interest bearing, was a deposit account.
Therefore, Claimant is awarded the Four Hundred and Twenty Thousand ($420,000) Dollars which this Court finds was on deposit with Heritage in November of 1990. Counsel will prepare an order in accordance with this decision.